OMAHA COCO-COLA BOTTLING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52641. Promulgated October 6, 1932.

*Fred A. Woodis, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

1124

MARQUETTE: The respondent contends that the vendors exchanged all the assets of their bottling business for all of petitioner's stock outstanding at the time, and thus the vendors were in control of petitioner immediately after the exchange. Hence, under section 113 (a) (8) and section 114 of the Revenue Act of 1928, the basis for depreciation of the transferred assets shall be the same as it would be in the hands of the transferors. Respondent argues that we must give effect to what persons have done rather than to that which they intended, and relies upon *Clemmons et al.*, 20 B. T. A. 334; affd., 54

Fed. (2d) 209. In that case the taxpayers sold one-half the stock in their corporate business. They contended that the sale was not a taxable transaction and argued that they could have transferred the same interest in their business by another method, with no resulting income tax. We there held that the substance of the transaction was a sale of stock and that income-tax liability should be determined by what actually occurred, rather than by what might have taken place.

That decision is sound, but in our opinion it does not support the respondent's contention in the present proceeding. Here, the petitioner agreed to and did purchase the assets of a business for a price, about one-seventh of which was paid in stock and the balance in cash. It is true that in the first instance stock, instead of money, was exchanged for the assets. The respondent insists that we must stop at that point, disregard the balance of the agreement and the fulfillment thereof.

We can not agree with that view. The transaction must be considered in its entirety, and effect must be given to the whole. A like question was before us in *West Texas Refining & Development Co. et al.*, 25 B. T. A. 1254. In that case, as here, the agreement called for the issue of stock in payment for property in the first instance, the stock later to be taken over for cash, which was done. We there said:

Where there are several steps to be taken in effecting the organization of a new corporate enterprise, it is impossible to have them all occur at the same instant. One step must precede another and we do not think the language of section 203, "immediately after the transfer" intended that questions of tax liability should be determined by the fact that a transfer of property occurred a few days before cash was paid in, where both are essential steps in the plan of organization.

See also, to like effect, *George G. Moore*, 19 B. T. A. 364.

In *West Texas Refining & Development Co. et al.*, *supra*, 16 days elapsed between the issue of stock and its taking over for cash. In the present proceeding the exact time elapsing between those two steps of the transaction is not in evidence. It is in evidence that "upon receipt of the common stock" it was transferred for the agreed money consideration. As used in that connection the word "upon" can only mean that the transfer of the stock for money was made with convenient dispatch and without undue delay. It was a step in the plan of corporate organization, necessary to complete the proposed transaction. We think the respondent erred in his determination.

*Decision will be entered under Rule 50.*